UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| NICO FARMER, <br><br> Plaintiff, <br><br> v. <br><br> TONY PARKER, et al., <br><br> Defendants. | Case No. 1:18-cv-00068 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Alistair E. Newbern |

# REPORT AND RECOMMENDATION

In this action, pro se and *in forma pauperis* Plaintiff Nico Farmer alleges that, while he was incarcerated at South Central Correctional Facility (SCCF) in Clifton, Tennessee, Defendants Sergeant Matthew Villanueva and Corrections Officer Don Bright beat him and deprived him of showers and hygiene supplies and that several other defendants failed to do anything to address those incidents after Farmer reported them. (Doc. No. 5.) Now pending are two motions to dismiss filed by Defendants Warden Cherry Lindamood, Geneva Roberts, Sergeant Rhonda Staggs, Randall Bridges, Brenda Pevahouse, and Zubulon Stults. (Doc. Nos. 6, 16.) Farmer has not responded to those motions, nor has he responded to this Court's orders directing him to show cause why (1) the motions to dismiss should not be granted as unopposed and (2) this action should not be dismissed for failure to prosecute. (Doc. Nos. 17, 18.) Accordingly, the Magistrate Judge will recommend that this action be dismissed without prejudice for failure to prosecute and that the defendants' pending motions to dismiss (Doc. Nos. 6, 16) be found moot.

I. **Factual and Procedural Background**

The origin of this action is *Harper v. Parker*, Case No. 1:17-cv-00020, in which Farmer and several other incarcerated plaintiffs alleged that their confinement at SCCF constituted cruel

and unusual punishment. On September 10, 2018, the Court adopted the Magistrate Judge's recommendation that Farmer's claims be severed from the other plaintiffs. (Doc. No. 3.) The Court ordered Farmer to file an amended complaint containing only his own claims within twenty-eight days. (*Id.*) On September 26, 2018, Farmer filed a complaint alleging that, when he was incarcerated at the SCCF, Sergeant Villanueva and Corrections Officer Bright beat Farmer and then deprived him of showers and tissue for three to five days.[1] (Doc. No. 5.) Farmer also alleges that Bright sexually assaulted him and that Farmer reported his mistreatment to Defendants Warden Cherry Lindamood, Geneva Roberts, and Sergeant Rhonda Staggs, who did nothing. (*Id.*) Farmer's complaint contains no allegations against Defendants Randall Bridges, Brenda Pevahouse, or Zubulon Stults. On October 9, 2018, Lindamood, Roberts, Staggs, Randall, Bridges, Pevahouse, and Stults filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Farmer had failed to state a claim against them.[2] (Doc. Nos. 6, 7.) On the same day, Bright and Villanueva answered the complaint. (Doc. No. 8.)

On February 19, 2019, the Court ordered Farmer to show cause why it has subject-matter jurisdiction over this action, noting that Farmer's complaint did not reference federal law or contain a request for relief. (Doc. No. 14.) Farmer responded by filing a purported "Amended Complaint" that stated Bright and Villanueva had deprived Farmer of food at the SCCF and used excessive force against him. (Doc. No. 15.) Farmer asked for $100,000.00 in damages. (*Id.*) The

---

[1] At the time Farmer filed his complaint, he was incarcerated at the Morgan County Correctional Complex, near Wartburg, Tennessee. (Doc. No. 5.) Farmer's most recent filing indicates that he was still incarcerated there as of March 11, 2019 (Doc. No. 15), and that is the address that the Court has on file.

[2] The defendants also point out that Farmer's original complaint in *Harper v. Parker*, Case No. 1:17-cv-00020, named CoreCivic as a defendant, but that CoreCivic was never served. (Doc. No. 7.) The defendants therefore request dismissal of any claims against CoreCivic. (*Id.*)

defendants responded by filing a renewed motion to dismiss, echoing the arguments of their first motion. (Doc. No. 16.)

On April 26, 2019, the Court declined to construe Farmer's response to the show-cause order as an amended complaint because the filing was not in the form of a complaint and did not incorporate the allegations from his original pleading. (Doc. No. 17.) The Court further found that Farmer's response indicated an intent to assert claims of excessive force under 42 U.S.C. § 1983, thereby asserting a basis for the Court's subject-matter jurisdiction. (*Id.*) However, because Farmer's response did not address either of the defendants' motions to dismiss, the Court ordered him to show cause by May 20, 2019, why those motions should not be granted as unopposed. (*Id.*) Farmer has not responded to that order.

Concerned that Farmer had lost interest in this action, the Court ordered him to show cause by July 31, 2019, why his claims should not be dismissed for failure to prosecute. (Doc. No. 18.) Farmer also has not responded to that order.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting

*Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Four factors guide the Court's determination of whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III. Analysis**

Farmer has ignored this Court's show-cause orders, unduly delaying this action. Farmer's claims should therefore be dismissed without prejudice.

4

### A. Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Farmer's failure to respond to the Court's show-cause orders does not appear to have been in bad faith, but that failure still reflects "willfulness and fault." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017) (finding that plaintiff was at fault for failing to respond to court's show-cause orders). Farmer was actively involved in this action from September 26, 2018, through March 11, 2019, showing that he can prosecute his claims when he wants to. (Doc. Nos. 5, 15.) This factor supports dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of

5

dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained that "[i]f such efforts . . . [were] alone sufficient to establish prejudice" for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Bright and Villanueva have answered the complaint, and the remaining defendants have filed motions to dismiss. (Doc. Nos. 6, 8, 16.) Those steps are typical of the early stages of litigation and were not necessitated by Farmer's delay. *See Schafer*, 529 F.3d at 739. Consequently, the record does not demonstrate that the defendants have wasted substantial time, money, or effort due to a lack of cooperation by Farmer. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). The Court warned Farmer that failure to respond to the show-cause order would likely lead to a recommendation that this action be dismissed. (Doc. No. 18.) This factor supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is the appropriate result here. That is so even though the defendants have filed motions to dismiss. *See Ortiz v. Donnellon*, No. 11-14154, 2012 WL 1957306, at *1 (E.D. Mich. May 31, 2012) (affirming report and recommendation that dismissed pro se plaintiff's complaint without prejudice for failure to prosecute and found defendants' motion to dismiss moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy

interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5. That sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal").

**IV.     Recommendation**

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and that defendants' motions to dismiss (Doc. Nos. 6, 16) be FOUND MOOT.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 20th day of August, 2019.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge